## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CEDRIC THOMPSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-cv-2404 (TSC) |
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA;** | ) | |
| **AARON GUY DURDEN,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### <u>MEMORANDUM OPINION</u>

On August 17, 2023, Defendant filed a notice of removal from the District of Columbia Superior Court.  ECF No. 1.  Plaintiff subsequently filed an Amended Complaint on August 23, 2023, claiming Defendants prevented him from obtaining compensation owed to him by the Veterans Administration.  ECF No. 4.  On August 28, 2023, this court filed a Minute Order providing that:

> Based on the docket filings in this action, it appears that Plaintiff has failed to properly serve Defendant United States.  Plaintiff is hereby reminded of his obligation to serve a copy of the summons and complaint in a manner that complies with Rule 4(i) of the Federal Rules of Civil Procedure. No later than September 28, 2023, Plaintiff shall serve the United States in a manner that complies with the federal and local rules, or otherwise show good cause for the failure. Failure to comply with this order and the federal rules may result in dismissal of this action. See Fed. R. Civ. P. 4(m). The Clerk of the Court is directed to mail of this order to Plaintiff at his record of address.

> A copy of the Minute Order was mailed to Plaintiff at his address of record.

In response, Plaintiff filed a Motion for Declaratory Judgment, ECF No. 7, that did not address service of process.  Then court then issued a Minute Order reminding Plaintiff of his obligations to follow the Federal and Local rules and ordering that Plaintiff show cause, on or before October 20, 2023, regarding "what efforts Plaintiff has made to effectuate service of process," and warning that "[s]hould Plaintiff fail to effectuate service or to satisfactorily respond to the present order by 10/20/23, the court may dismiss this action without further notice."  Min. Order, Oct. 5, 2023.  The Minute Order was again mailed to Plaintiff at his address of record.  As of this writing, Plaintiff has not responded to the Show Cause Order or served process on Defendant United States.

This court has "inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute."  *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011); Local Civil Rule 83.23 ("A dismissal for failure to prosecute may be ordered by the Court … upon the Court's own motion.").  "A dismissal for failure to prosecute due to a delay in service is appropriate 'only when there is no reasonable probability that service can be obtained or there is a lengthy period of inactivity.'"  *Ofisi v. BNP Paribas, S.A.*, 285 F. Supp. 3d 240, 243–44 (D.D.C. 2018) (quoting *Angellino v. Royal Fam. Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012)).  This is one such case.  Unlike cases where plaintiffs have informed the court of the steps they have taken to try to serve the defendant, *e.g.*, *Ofisi*, 285 F. Supp. 3d at 244, Plaintiff has not complied with instructions in multiple court orders mailed to his address.  As a result, he has "not manifested reasonable diligence in pursuing" his case, and dismissal for failure to

prosecute is appropriate. *See James v. Nationstar Mortg. LLC*, 323 F.R.D. 85, 87 (D.D.C. 2017) (dismissing for failure to prosecute where plaintiff failed to serve the defendant or respond to multiple court orders).

Accordingly, this case will be dismissed without prejudice for failure to prosecute. An Order will accompany this Opinion.

Date: November 3, 2023

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge